IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAMUEL AARON LAURION, | : |
| | : |
| *Plaintiff*, | : |
| | : |
| v. | : Civil Action No. 3:26-cv-00097 |
| | : |
| PHH MORTGAGE CORPORATION and | : |
| EVERETT FINANCIAL, INC D/B/A | : |
| SUPREME LENDING, | : |
| | : |
| *Defendants*. | : |

**NOTICE OF REMOVAL**

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

Pursuant to 28 U.S.C. § 1441, defendant PHH Mortgage Corporation ("PHH"), by counsel, hereby removes this action from the State of Connecticut Superior Court, Judicial District of New London at New London. Removal is proper because this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. In support thereof, PHH states as follows:

**INTRODUCTION**

1. Plaintiff commenced this action by way of Summons and Complaint dated December 17, 2025, in the State of Connecticut Superior Court, Judicial District of New London at New London, styled *Samuel Aaron Laurion v. PHH Mortgage Corporation and Everett Financial Inc. d/b/a Supreme Lending*, Docket No. NL-CV26-5026539-S.

2. A copy of the Complaint is attached hereto as **Exhibit A**.

3. Plaintiff served PHH on December 18, 2025. This Notice of Removal is being filed within thirty days of service of the Complaint on PHH and within one (1) year of the

action's commencement date, making the action timely removed pursuant to 28 U.S.C. § 1446(b), (c)(1).

4. A true and correct copy of this Notice of Removal will promptly be filed in the State of Connecticut Superior Court, Judicial District of New London at New London. A true and correct copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit B**.

5. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

6. As of the date of this removal, PHH has not filed a responsive pleading to the Complaint. PHH reserves all rights to assert any and all defenses to the Complaint and further reserves the right to amend or supplement this Notice of Removal.

7. If any questions arise as to the propriety of the removal of this action, PHH requests the opportunity to present a brief and argument in support of its position that this case is removable.

8. PHH and Everett Financial, Inc. d/b/a Supreme Lending ("Supreme Lending") were joined in this matter by Plaintiff. However, Supreme Lending contests Plaintiff's claim that it is a necessary party or has an interest in the note, mortgage, or property in question. Nevertheless, Supreme Lending consents to this removal.

9. The action is factually premised upon Plaintiff's default on a loan (the "Loan") secured by real property known as 8 White Oak Drive, Colchester, Connecticut (the "Property"), and PHH's initiation of foreclosure of the mortgage on the Property.

10. Plaintiff brings suit against PHH to quiet title to the Property based on his incorrect assertions that: (a) "The Trust has no privity with any Defendant and never assumed the

debt;" (b) "[t]he Chapter 7 discharge extinguished all personal liability;" and (c) "PHH lacks standing to enforce the note or mortgage…." Compl., ¶ 9.

11. PHH denies the allegations in the Complaint and denies that Plaintiff has stated any claim for which relief may be granted. PHH denies that Plaintiff has suffered any damages in any manner whatsoever. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claim is valid, the amount in controversy exceeds $75,000.00.

## II. DIVERSITY JURISDICTION

12. Removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because there is complete diversity between Plaintiff, PHH and Supreme Lending the amount in controversy exceeds $75,000.00.

**A.   There is Complete Diversity Between the Relevant Parties**

13. The citizenship status of the real parties in interest is completely diverse.

14. Plaintiff is a citizen of the State of Connecticut.

15. PHH Mortgage Corporation is a corporation which is considered to be both a citizen of its state of incorporation and its principal place of business. 28 U.S.C. ¶ 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-89 (2005). PHH was incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes.

16. Supreme Lending is incorporated in the State of Texas and has its principal place of business in Dallas, Texas.

17. Neither PHH or Supreme Lending is a citizen of the State of Connecticut and complete diversity exists between Plaintiff, PHH and Supreme Lending. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

**B.    The Amount in Controversy is Greater than $75,000**

18. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). In general, the amount in controversy is established by the amount of damages claimed by the plaintiff, unless it can be showed that the claim is not made in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). Further, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy *is measured by the value of the object of the litigation*." (Emphasis added.) *Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977).

19. In this action, Plaintiff seeks to quiet title to the Property. Accordingly, the object of the litigation is the Property. The Property's current appraised value is $480,900. A true and correct copy of the Town of Colchester Property Report for the Property is attached hereto as **Exhibit C**.

20. It is clear the amount in controversy exceeds $75,000.00. Accordingly, because complete diversity exists and the amount in controversy requirement is satisfied, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

### III.    VENUE

21. Venue for removal purposes is proper in this district and division under 28 U.S.C. § 1441(a), because this district encompasses the State of Connecticut Superior Court, Judicial District of New London at New London, the forum from which the case has been removed and the Property that is the security for the mortgage transaction at issue is located in this judicial district.

### IV.    CONCLUSION

22. WHEREFORE, for the reasons stated above, PHH hereby removes this action to this Court.

Dated: January 20, 2026

Respectfully submitted,

By: */s/ Crystal L. Cooke*
Crystal L. Cooke (ct28750)
Regina J. McClendon (ct31539)
Troutman Pepper Locke LLP
20 Church Street, 20th Floor
Hartford, CT 06103
Telephone: 860-541-7740
crystal.cooke@troutman.com
regina.mcclendon@troutman.com
*Counsel for Defendant*
*PHH Mortgage Corporation*

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 20, 2026 a copy of the foregoing was filed electronically and served by mail to anyone unable to accept electronic filing as indicated below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                              */s/ Crystal L. Cooke*
                                              Crystal L. Cooke (ct28750)

324253234v1